IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA S. HOLDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2783 |
| | § | |
| ILLINOIS TOOL WORKS, INC. and | § | |
| VALERON STRENGTH FILMS CO., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

On August 25, 2008, Yolanda Holden sued her former employers, Illinois Tool Works, Inc. ("ITW") and Valeron Strength Films Co. ("Valeron"), in Texas state court, alleging sex discrimination and retaliation. ITW filed a Notice of Removal on September 11, 2008. (Docket Entry No. 1). The Notice stated that removal was based on diversity jurisdiction, 28 U.S.C. § 1332, and that the Texas citizenship of Valeron should be disregarded because it is not a legal entity capable of being sued. The Notice of Removal stated that Valeron was fraudulently joined to defeat diversity jurisdiction. Holden moved to remand, arguing that Valeron and was properly joined and that diversity is not present. (Docket Entry No. 8). She seeks costs and attorney's fees. (*Id.*). ITW has responded. (Docket Entry No. 9).

Based on the pleadings, the motion and response, and the applicable law, this court denies Holden's motion to remand and denies the motion for costs and fees. The reasons are

explained below.

**I.     Background**

ITW manufactures high-strength polyethylene films.  Valeron is a division of ITW. Holden began working for ITW in August 2002 as a machinist in Houston, Texas.  She was the only female in her department.  In 2006, Holden sued ITW and Valeron in federal court, alleging sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  During that lawsuit, ITW informed Holden on several occasions, in its discovery responses and in motions, that Valeron was not a legal entity capable of being sued or served.  On November 30, 2007, Holden agreed to dismiss Valeron as a defendant.  An agreed motion to dismiss Valeron issued on December 6, 2007.

Holden filed the present suit against ITW and Valeron in Texas state court on August 25, 2008.  She is represented by the same counsel who represented her in the federal lawsuit. In her petition, Holden alleged that she was subjected to sexual harassment and a hostile work environment evidenced by sexually derogatory comments, unwanted physical contact, humiliation, and differential treatment.  She asserted that she was denied opportunities for advancement in pay, position, and other employment opportunities because of her sex. Holden alleged she received less pay than similarly situated male counterparts at ITW.  She asserted that she was terminated in retaliation for her complaints about these practices.

In the state court petition, Holden alleged that Valeron is a company doing business

in Texas and that it could be served through its registered agent at 350 N. Paul Street, Dallas, TX 75201. This is ITW's address and the location of its registered agent.

ITW removed on September 11, 2008 on the basis of diversity jurisdiction, asserting that Valeron, the only nondiverse defendant, was improperly joined. This remand motion followed.

## II.     The Legal Standard

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). A case may be removed despite the presence of a resident defendant in the state court suit,

if the removing defendant shows that the resident defendant was fraudulently or improperly joined.[1]

The burden of persuasion on those who claim fraudulent joinder is a heavy one. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549, (5th Cir. 1981). To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the remaining party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). The second approach focuses on whether plaintiff has asserted a valid state-law cause of action against the nondiverse defendant. *Id*. The test is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In determining whether there is a reasonable basis for the plaintiff to recover against a defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[2] *Id.*

---

[1] "Fraudulent joinder" does not require a showing that the plaintiff had an intent to deceive or knew that the facts alleged were false*. See*, *e.g.*, *Poulos v. Naas Foods*, *Inc.*, 959 F.2d 69, 73 (7th Cir.1992).

[2] Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp.*

There are cases in which a summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74; *see, e.g., Guillory v. PPG Industries, Inc.,* 434 F.3d 303, 311 (5th Cir. 2005) (upholding district court's piercing of the pleadings when the parties had conducted ten months of post-removal discovery). Limited discovery may be appropriately used in determining improper joinder, particularly when the discovery forms the basis for the removal. *Guillory*, 434 F.3d at 311 (*Smallwood* "sharply limits, but does not eliminate, discovery."); *Smallwood,* 385 F.3d at 574. But, as the court cautioned in *Smallwood,* "[a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined."

## III.   Analysis

Holden argues that this lawsuit should be remanded to state court because she pleaded only state-law causes of action under the Texas Labor Code and Texas common law and

---

*v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

because the parties are not diverse.  28 U.S.C. § 1332(a).  Holden contends that Valeron is her actual employer, "a local Defendant, "a proper party in this suit," and "potentially liable for all the damages Plaintiff's seeks in this case."  (Docket Entry No. 8, at 3).

The record shows that Valeron, a division of ITW, lacks the capacity to be sued or served with process.  In the prior suit Holden filed against Valeron and ITW, she agreed to dismiss Valeron because it is not a legal entity separate from ITW.  As ITW points out, the records filed with the Texas Secretary of State show that a Certificate of Limited Partnership for "Valeron Strength Films L.P." was cancelled as of December 31, 2002.  No other filings have been made with the Texas Secretary of State under the name "Valeron Strength Films."  Holden's contention that Valeron is her actual employer is controverted by her Form W-2 records, which list "Illinois Tool Works" as her employer.  (Docket Entry No. 9, Ex. D).  Because Valeron is not an entity capable of being sued or served, its alleged Texas citizenship is to be disregarded in determining diversity jurisdiction.

Holden also argues that this court should remand because the notice of removal only stated that ITW's residence is in Delaware and Illinois rather than identifying ITW's citizenship.  Holden relies on *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771 (9th Cir. 1995), for the proposition that "for purposes of diversity, '[r]esidence and citizenship are not the same thing.'"  *Id.* at 774  (quoting *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir.1957)).  Holden's reliance on *Seven Resorts* is misplaced.  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  ITW is incorporated in

6

Delaware and its principal place of business is in Illinois. (Docket Entry No. 9, Exs. E and F). For purposes of diversity jurisdiction, ITW is a citizen of Delaware and Illinois. Holden is a citizen of Texas.

Lastly, Holden argues that remand is appropriate because ITW did not obtain written consent from Valeron to remove the case to federal court, as required by *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988). Because ITW is the only proper defendant in this case, it was not required to obtain written consent from Valeron to remove this case to federal court. As the Fifth Circuit has noted, applying the general rule that removal requires the consent of all co-defendants to cases involving "improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil, Inc.*, 989 F.3d 812, 815 (5th Cir. 1993).

The parties are completely diverse and this court has jurisdiction under 28 U.S.C. § 1332.[3]

---

[3] In the motion to remand, Holden does not contest that the amount in controversy requirement is not met. In her state court petition, Holden seeks "back pay, reinstatement or front pay in lieu of reinstatement, loss of benefits in the past, loss of benefits in the future . . .[c]ompensatory damages for pain and mental suffering in the past and future . . . [p]unitive damages in an amount above the minimum jurisdictional limit of the [state court], and attorney's fees." (Docket Entry No. 1, Ex. D). Given the nature of Holden's alleged injuries and the damages she seeks, it is facially apparent from her petition that the amount in controversy exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (facially apparent that amount in controversy requirement met when plaintiff sought "punitive damages, attorney's fees, pre-judgment interest, court costs, and compensatory damages for lost pay, lost fringe benefits, front pay, loss of wage earning capacity, harm to [plaintiff's] credit and credit reputation, and mental anguish and emotional distress); *Martin*

7

## IV.     Conclusion

Valeron, the only nondiverse defendant, is not a legal entity capable of being sued or served with process.  Because diversity jurisdiction provides a basis for removal, this court denies Holden's motion to remand.  Holden's motion for costs and attorney's fees is denied.

SIGNED on November 17, 2008, at Houston, Texas.

                              _____
                                        Lee H. Rosenthal
                              United States District Judge

---

*v. Sw. PCS, L.P.*, 2003 WL 22477692, at *3 (W. D. Tex. Nov. 3, 2003) (plaintiff's request of damages for past and future lost wages, nonpecuniary damages for severe emotional distress, injury to reputation, and punitive damages facially demonstrated a claim in excess of $75,000)**.**