**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YOLANDA S. HOLDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2783 |
| | § | |
| ILLINOIS TOOL WORKS, INC. and | § | |
| VALERON STRENGTH FILMS CO., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.      Background**

This is the second employment discrimination lawsuit filed by Yolanda Holden against Illinois Tool Works, Inc. ("ITW") and Valeron Strength Films Co. ("Valeron").  Holden first sued ITW and Valeron in 2006, in the Southern District of Texas, in Civil Action No. 06-2981.  In that suit, Holden alleged sex discrimination, sexual harassment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  In that lawsuit, ITW informed Holden that Valeron was not a legal entity capable of being sued or served.  On November 30, 2007, Holden agreed to dismiss Valeron as a defendant.  An agreed motion to dismiss Valeron was filed on December 6, 2007.  Holden pursued her claims against ITW.

On October 25, 2007, after the discovery deadline had passed, Holden's counsel sent a letter to ITW's counsel stating that he had approximately eighteen tapes of conversations between Holden and other ITW employees that Holden planned to use at trial.  After obtaining the tapes, ITW determined that they contained eleven hours of conversations recorded by Holden on ITW's premises.  This court allowed ITW to reopen Holden's deposition for questioning about the tape

recordings.  ITW deposed Holden for a second time on February 8, 2008.  During the deposition, Holden revealed that she had been surreptitiously recording conversations with coworkers and supervisors during the previous two years.  (Docket Entry No. 12, Ex. F, Deposition of Yolanda Holden, at 10:1–10).  ITW's "Personal Electronic Device Usage Policy" states that "tape recording will not be permitted unless mutually agreed upon by all parties involved."  (Docket Entry No. 12, Ex. C).  ITW investigated and determined that Holden had violated the "Personal Electronic Device Usage Policy" by tape-recording coworkers and supervisors without their consent.  ITW terminated Holden's employment on February 19, 2008.  (Docket Entry No. 12, Ex. I).

Holden's first lawsuit against ITW did not include any claim arising from the termination. Holden tried her discrimination and retaliation claims against ITW before a jury in March 2008.  The jury found in favor of ITW and final judgment was entered on March 24, 2008.  Costs were taxed against  Holden on April 8, 2008.  On July 21, 2008, this court overruled Holden's objections to ITW's bill of costs and ordered her to pay $5,979.29.  Holden has not paid.

On August 25, 2008, Holden sued both ITW and Valeron in Texas state court.  She alleged sex discrimination and retaliation claims under Texas law.  ITW timely removed.  This court denied Holden's motion to remand, finding that Valeron, the only nondiverse defendant, was not a legal entity capable of being sued or served with process.  (Docket Entry No. 13).  ITW moved for sanctions against Holden and her attorney for suing Valeron and for seeking to remand on the basis that Valeron's presence destroyed diversity.  (Docket Entry No. 14).  On July 8, 2009, this court granted ITW's motion for sanctions, but limited the sanction imposed to the reasonable attorneys' fees ITW incurred in responding to the claims Holden asserted against Valeron in state court and in removing the case to federal court.  This court denied the motion insofar as ITW asked this court

to dismiss this suit or to award all its fees as a sanction.  (Docket Entry No. 20).

ITW also moved for summary judgment.  (Docket Entry No. 12).  This court granted ITW's motion for summary judgment on the state-law sex discrimination, hostile work environment, and retaliation claims on the basis of preclusion; these claims were tried in her earlier lawsuit.  ITW's motion for summary judgment on the discriminatory and retaliatory discharge claims was denied because Holden had not been able to conduct discovery into those claims.  The denial was without prejudice to ITW seeking summary judgment on those discharge claims if appropriate after an opportunity for discovery.

On July 16, 2009, pursuant to this court's sanction ruling, ITW has submitted its costs and attorneys' fees incurred in responding to this suit when it was filed in state court and in opposing Holden's motion to remand after removal.  ITW has submitted an affidavit and documentation showing that these costs and fees totaled $3,843.80.  (Docket Entry No. 21, Ex. A, Declaration of Michael D. Mitchell).  ITW has also moved to dismiss or stay this case because Holden has failed to pay ITW's costs from her first lawsuit.  (Docket Entry No. 22).  Holden has not responded to ITW's motions.

Based on a careful review of the pending motions, the record, and the applicable law, this court orders Holden to pay $3,843.80 in sanctions no later than **September 30, 2009.**  This court also grants ITW's motion to stay this case because of Holden's failure to pay the costs assessed in her first suit against the same defendant.  If Holden fails to pay by **September 30, 2009**, this case may also dismissed, with prejudice, as a sanction for failing to comply with the orders of this court.

The reasons are explained in detail below.

## II.    Analysis

Holden and her counsel acted in bad faith in naming Valeron as a defendant in the state-court petition when Holden and her counsel knew from the first lawsuit that Valeron was not an entity capable of being sued. This court imposed sanctions limited to the costs and attorneys' fees ITW incurred in responding to Holden's state-court petition, removing the case to this court, and opposing the remand motion. ITW incurred reasonable fees and costs totaling $3,843.80. Holden and her counsel must pay ITW $3,843.80 no later than September 30, 2009.

Holden has not yet paid ITW the costs that she was ordered to pay in her first lawsuit. "Courts have inherent power to dismiss actions for nonpayment of costs in prior actions." *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993); *see also In re Hook*, 2009 WL 1916972, at *2 (10th Cir. July 6, 2009) (dismissing appeal for nonpayment of monetary sanctions ordered in previous case); *In re Allustriarte*, 122 F.3d 1069, 1997 WL 484093, at *2–3 (9th Cir. Aug. 19, 1997) (unpublished table decision) (dismissing appeal for nonpayment of monetary sanctions ordered in previous case); *Hacopian v. U.S. Dept. of Labor*, 709 F.2d 1295, 1296–97 (9th Cir. 1983) (district courts have "inherent power to dismiss a case for the nonpayment of costs in prior involuntarily dismissed action that made the same claim"); *Weidenfeld v. Pacific Improvement Co.*, 101 F.2d 699, 700 (2nd Cir. 1939) (a second suit, for substantially the same relief as the first action, was stayed pending payment of costs from the first suit); *D'Amario v. Russo*, 1996 WL 666766, at *3–4 (D. R.I. Nov. 12, 1996) (dismissing case with prejudice because the plaintiff failed to comply with several court orders to pay sanctions and attorneys' fees in previous cases in the same court involving a "commonality of facts" and the plaintiff had been warned by the court that nonpayment would result in dismissal); *Zaegel v. Public Finance Co.*, 79 F.R.D. 58, 59 (E.D. Mo. 1978) (failure to comply

4

with pretrial order resulted in involuntary dismissal of first suit with costs, and if those costs were not paid, dismissal of a second action based on same facts would be appropriate); *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160, 163 (S.D.N.Y. 1966) ("The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar) subject matter [ ] is now universal."); *Gainey v. Brotherhood of Railway & S.S. Clerks*, 34 F.R.D. 8, 12 (E.D. Pa. 1963) (class action was stayed pending payment of costs from two previously dismissed suits on the same facts, with the same parties).  The exercise of this power, which is within the court's discretion, "is intended to prevent vexatious litigation or to assure compliance with court orders." *Falcon v. General Telephone Co. of Southwest*, 611 F.Supp. 707, 724 (N.D. Tex. 1985); *see also Bankers Sec. Corp. v. Ritz Carlton Rest. & Hotel Co.*, 99 F.2d 51, 52 (3d Cir. 1938).

Holden was ordered to pay ITW's costs from her first, unsuccessful lawsuit in April 2008. She has not paid.  The first lawsuit Holden filed against ITW was based on her claims of sex discrimination, sexual harassment, and retaliation during her employment.  In the present case, Holden also alleged sex discrimination, sexual harassment, and retaliation during her employment with ITW.  The two suits involve the same parties and the same operative facts.  Unless and until Holden complies with this court's July 2008 order that she pay ITW's costs from the first lawsuit, she cannot proceed with the remaining claims in this lawsuit against ITW.  *See D'Amario*, 1996 WL 666766, at *4.  Given Holden's failure to comply with this court's previous order to pay costs, she must also pay the $3,843.80 in monetary sanctions before this case may proceed.

This case is stayed pending Holden's payment of $9,823.09 to ITW, which must be made no later than **September 30, 2009.**  Holden's claims will be dismissed with prejudice if full payment is not made by that date.

5

**III.    Conclusion**

ITW's motion to stay is granted.  This case is stayed pending Holden's payment of costs from the first action and her payment of the sanctions imposed in this action.  Holden must pay ITW $9,823.09 by September 30, 2009 or her claims in this action will be dismissed with prejudice.

SIGNED on August 31, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge