IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA S. HOLDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-2783 |
| | § | |
| ILLINOIS TOOL WORKS, INC. and | § | |
| VALERON STRENGTH FILMS CO., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Holden has moved for reconsideration of this court's July 8, 2009 and August 31, 2009 orders. (Docket Entry No. 24). Holden filed a supplement to the motion, (Docket Entry No. 25), and ITW responded, (Docket Entry No. 26). Based on a careful review of the motion, supplement, and response, the evidence in the record, and the applicable law, this court denies Holden's motion for reconsideration. The reasons are explained in detail below.

**I.      Background**

This is the second employment discrimination lawsuit filed by Yolanda Holden against Illinois Tool Works, Inc. ("ITW") and Valeron Strength Films Co. ("Valeron"). Holden first sued ITW and Valeron in 2006, in the Southern District of Texas, in Civil Action No. 06-2981. In that suit, Holden alleged sex discrimination, sexual harassment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. In that lawsuit, ITW informed Holden that Valeron was not a legal entity capable of being sued or served. On November 30, 2007, Holden agreed to dismiss Valeron as a defendant. An agreed motion to dismiss Valeron was filed on December 6, 2007. Holden pursued her claims against ITW.

On October 25, 2007, after the discovery deadline had passed, Holden's counsel sent a letter to ITW's counsel stating that he had approximately eighteen tapes of conversations between Holden and other ITW employees and that Holden planned to use the tapes at trial. ITW determined that the tapes contained eleven hours of conversations with ITW personnel recorded by Holden on ITW's premises. This court allowed ITW to reopen Holden's deposition to ask her questions about the tape recordings. ITW deposed Holden for a second time on February 8, 2008. During the deposition, Holden revealed that she had been surreptitiously recording conversations with coworkers and supervisors during the previous two years. (Docket Entry No. 12, Ex. F, Deposition of Yolanda Holden, at 10:1–10). ITW's "Personal Electronic Device Usage Policy" states that "tape recording will not be permitted unless mutually agreed upon by all parties involved." (Docket Entry No. 12, Ex. C). ITW investigated and determined that Holden had violated the "Personal Electronic Device Usage Policy" by tape-recording coworkers and supervisors without their consent. ITW terminated Holden's employment on February 19, 2008. (Docket Entry No. 12, Ex. I).

Holden's first lawsuit against ITW did not include any claim arising from the termination. Holden tried her discrimination and retaliation claims against ITW before a jury in March 2008. The jury found in favor of ITW and final judgment was entered on March 24, 2008. Costs were taxed against Holden on April 8, 2008. On July 21, 2008, this court overruled Holden's objections to ITW's bill of costs and ordered her to pay $5,979.29. Holden has not paid any of the taxable costs from the first lawsuit.

On August 25, 2008, Holden sued both ITW and Valeron in Texas state court. She alleged sex discrimination and retaliation claims under Texas law. ITW timely removed. This court denied Holden's motion to remand, finding that Valeron, the only nondiverse defendant, was not a legal

entity capable of being sued or served with process. (Docket Entry No. 13). ITW moved for sanctions against Holden and her attorney for suing Valeron and for seeking to remand on the basis that Valeron's presence destroyed diversity. This court found that Holden and her attorney knew that Valeron was not a legal entity capable of being sued or served when they named Valeron as a defendant in the state-court suit and when they moved to remand after removal. (Docket Entry No. 14). On July 8, 2009, this court granted ITW's motion for sanctions, but limited the sanction imposed to the reasonable attorneys' fees ITW incurred in responding to the claims Holden asserted against Valeron in state court and in removing the case to federal court. This court denied the motion insofar as ITW asked this court to dismiss this suit or to award all its fees as a sanction for the frivolous suit against Valeron and the frivolous motion to remand. (Docket Entry No. 20).

ITW also moved for summary judgment. (Docket Entry No. 12). This court granted ITW's motion for summary judgment on the state-law sex discrimination, hostile work environment, and retaliation claims on the basis of preclusion; these claims were tried in her earlier lawsuit. ITW's motion for summary judgment on the discriminatory and retaliatory discharge claims was denied because Holden had not been able to conduct discovery into those claims. The denial was without prejudice to ITW seeking summary judgment on those discharge claims if appropriate after an opportunity for discovery.

On July 16, 2009, pursuant to this court's sanction ruling, ITW submitted its claim for costs and attorneys' fees incurred in responding to the suit against Valeron in state court and in opposing Holden's motion to remand after removal. ITW submitted an affidavit and documentation showing that these costs and fees totaled $3,843.80. (Docket Entry No. 21, Ex. A, Declaration of Michael D. Mitchell). ITW also moved to dismiss or stay this case because Holden has failed to pay ITW's

costs from her first lawsuit. (Docket Entry No. 22). Holden did not respond to ITW's motions. On August 31, 2009, this court ordered Holden to pay the $3,843.80 in sanctions by September 30, 2009. This court also granted ITW's motion to stay this case because of Holden's failure to pay the costs assessed in her first suit against the same defendant. The order stated that if Holden failed to pay by September 30, 2009, this case would be dismissed, with prejudice, as a sanction for failing to comply with the prior orders of this court.

## II.     The Applicable Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted); *see also Lavespere v. Niagara Machine & Tool Works*, *Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."), *abrogated on other grounds* by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) (en banc).

The ten-day deadline, however, does not apply to motions for reconsideration of interlocutory orders. *T-M Vacuum Products*, *Inc. v. TAISC*, *Inc.*, 2008 WL 2785636, at *2 (S.D.

Tex. July 16, 2008). A court retains the power to revise an interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A court may consider a motion to reconsider an interlocutory order so long as the motion is not unreasonably delayed. *Id.*; *see also Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999). Rule 59(e)'s standards are applied to motions for reconsideration of interlocutory orders. *T-M Vacuum Products*, 2008 WL 2785636, at *2.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). Because granting a Rule 59(e) motion is an extraordinary remedy, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III.    Analysis**

Holden argues that this court's orders are "effectively depriving Plaintiff of her constitutional right to bring her cause of action [for employment discrimination] against the Defendant under the Texas Constitution." (Docket Entry No. 24, at 2). Holden cites § 21.051 of the Texas Labor Code for the proposition that the Texas Constitution grants an individual the right to sue her employer for discrimination. (*Id.*). Holden repeats arguments previously made in opposing ITW's sanctions motion that she only agreed to dismiss Valeron because ITW represented to her that it would be solely responsible for all her damages if found liable. Holden argues that the exercised her right to name Valeron as a defendant in her subsequent state-court petition because "it was the entity she was informed she directly worked for while employed with the Defendant." (*Id.* at 3). Holden submitted an affidavit stating that she received numerous communications from Valeron Strength Films after December 31, 2002 and that she reasonably believed it was her employer. (Docket Entry No. 25, Ex. 1, Affidavit of Yolanda Holden). Attached to her affidavit are letters from "Valeron Strength Films, an ITW Company." (*Id.*). Holden argues that there was no basis to sanction her because she believed that she was employed by Valeron and had a right to sue Valeron in state court. Holden also argues that ITW did not incur any attorneys' fees in responding to the claims against Valeron in state court and in removing this case to federal court because ITW only removed on behalf of ITW.

Holden has not presented any basis for granting relief under Rule 59(e). The record makes it clear that Holden and her counsel had the information that Valeron had no legal existence after 2002 and was not a legal entity capable of being sued. Moreover, the record does not support Holden's assertion that she only agreed to dismiss Valeron because ITW agreed to be responsible for all damages. The agreed stipulation of dismissal signed by Holden's counsel does not mention

damages. The stipulation instead states that Valeron will be dismissed because it is not a legal entity separate from ITW. The fact that Holden received communications from "Valeron Strength Films, an ITW Company," after the date that Valeron ceased separate legal existence does not alter this conclusion. Holden and her counsel were placed on notice several times during the first lawsuit, in 2006 and 2007, that Valeron was not a legal entity capable of being sued. The record shows that when counsel for Holden filed this suit in state court in 2008, he knew that Valeron was not a separate legal entity capable of being sued.

Holden's argument that ITW did not incur attorneys' fees in responding to the claims in state court and in removing the case to federal court is unpersuasive. ITW removed the case to federal court because Holden improperly joined a resident defendant to defeat diversity jurisdiction. The award of sanctions was proper. Holden has not shown a "manifest error of law or fact" warranting reconsideration of this court's July 8, 2009 opinion granting ITW's motion for sanctions.

Nor has Holden shown a basis for reconsideration of this court's August 31, 2009 order requiring Holden to pay the monetary sanctions in this suit and the costs assessed in her first lawsuit against ITW. Holden's argument that she is being deprived of the right to litigate her claims ignores that "[c]ourts have inherent power to dismiss actions for nonpayment of costs in prior actions." *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993); *see also In re Hook*, 2009 WL 1916972, at \*2 (10th Cir. July 6, 2009) (dismissing appeal for nonpayment of monetary sanctions ordered in previous case); *In re Allustriarte*, 122 F.3d 1069, 1997 WL 484093, at \*2–3 (9th Cir. Aug. 19, 1997) (unpublished table decision) (dismissing appeal for nonpayment of monetary sanctions ordered in previous case); *Hacopian v. U.S. Dept. of Labor*, 709 F.2d 1295, 1296–97 (9th Cir. 1983) (district courts have "inherent power to dismiss a case for the nonpayment of costs in prior involuntarily

dismissed action that made the same claim"); *Weidenfeld v. Pacific Improvement Co.*, 101 F.2d 699, 700 (2d Cir. 1939) (a second suit, for substantially the same relief as the first action, was stayed pending payment of costs from the first suit); *D'Amario v. Russo*, 1996 WL 666766, at *3–4 (D. R.I. Nov. 12, 1996) (dismissing case with prejudice because the plaintiff failed to comply with several court orders to pay sanctions and attorneys' fees in previous cases in the same court involving a "commonality of facts" and the plaintiff had been warned by the court that nonpayment would result in dismissal); *Zaegel v. Public Finance Co.*, 79 F.R.D. 58, 59 (E.D. Mo. 1978) (failure to comply with pretrial order resulted in involuntary dismissal of first suit with costs, and if those costs were not paid, dismissal of a second action based on same facts would be appropriate); *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160, 163 (S.D.N.Y. 1966) ("The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar) subject matter [ ] is now universal."); *Gainey v. Brotherhood of Railway & S.S. Clerks*, 34 F.R.D. 8, 12 (E.D. Pa. 1963) (class action was stayed pending payment of costs from two previously dismissed suits on the same facts, with the same parties). The exercise of this power, which is within the court's discretion, "is intended to prevent vexatious litigation or to assure compliance with court orders." *Falcon v. General Telephone Co. of Southwest*, 611 F.Supp. 707, 724 (N.D. Tex. 1985); *see also Bankers Sec. Corp. v. Ritz Carlton Rest. & Hotel Co.*, 99 F.2d 51, 52 (3d Cir. 1938). There is no right to litigate a claim for employment discrimination under the Texas Labor Code when a party has failed to obey court orders and pay costs assessed in a prior action involving the same parties and the same operative facts.

This case was stayed pending Holden's payment to ITW of the $9,823.09 assessed against her, some in taxable costs from her first lawsuit, and the rest as a sanction for her frivolous claim

against Valeron in the second lawsuit. The stay order set a deadline of September 30, 2009 for payment and warned Holden that her claims in this case would be dismissed with prejudice if full payment is not made by that date. The motion to reconsider that order is denied.

## IV.     Conclusion

Holden's motion for reconsideration is denied. Holden must pay ITW $9,823.09 by September 30, 2009 or her claims in this action will be dismissed with prejudice.

SIGNED on September 28, 2009, at Houston, Texas.

                                        _____
                                              Lee H. Rosenthal
                                        United States District Judge